**UNTED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES JACKSON,
    Plaintiff,

v.                                      CASE NO.: 8:19-cv-2999-T-24SPF

KALEB J. LUSK and
WERNER ENTERPRISES, INC.,
    Defendants.
_____/

**AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, JAMES JACKSON, by and through the undersigned attorney, hereby files this cause of action against Defendants, KALEB J. LUSK and WERNER ENTERPRISES, INC., and alleges as follows:

**JURISDICTION AND VENUE**

1. This action, initially filed in the Circuit Court of Polk County, Florida on or about August 15, 2019 was removed to the United States District Court in accordance with 28 U.S.C. §1441 as it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. Venue is proper in the Middle District Court of Florida – Tampa Division as the subject collision between a semi-tractor trailer motor vehicle and a motor vehicle which gives rise to this action occurred in Auburndale, Polk County, Florida.

**PARTIES**

3. That at all times material hereto, the Plaintiff, JAMES JACKSON, was a resident of Auburndale, Polk County, Florida.

4. That at all times material hereto, the Defendant, KALEB J. LUSK, was a resident of Deltona, Volusia County, Florida.

5. That at all times material hereto, the Defendant, WERNER ENTERPRISES, INC., was a Nebraska corporation authorized to do business in Auburndale, Polk County, Florida, and was engaged in regular business activity in the State of Florida.

**UNDERLYING FACTS**

6. On or about August 21, 2017 at approximately 1:21 p.m., the Plaintiff, JAMES JACKSON, operated a motor vehicle which was traveling on Highway 92 East at or near Polk Parkway in Auburndale, Polk County, Florida.

7. At the same time and place, a semi-tractor trailer motor vehicle was being operated by the Defendant, KALEB J. LUSK, traveling in the opposite direction as Plaintiff on Highway 92 East at or near Polk Parkway in Auburndale, Polk County, Florida.

8. Said semi-tractor trailer motor vehicle being operated by the Defendant, KALEB J. LUSK, was owned by the Defendant, WERNER ENTERPRISES, INC.

9. At the same time and place, the Defendant, KALEB J. LUSK, was operating said semi-tractor trailer motor vehicle with the consent of the Defendant, WERNER ENTERPRISES, INC.

10. At the same time and place, the Defendant, KALEB J. LUSK, operated said semi-tractor trailer motor vehicle in such a careless and negligent manner so that the Defendant's semi-tractor trailer motor vehicle made an illegal and improper left turn and collided into the motor vehicle driven by the Plaintiff, JAMES JACKSON.

11. At all times material hereto, the Defendant, KALEB J. LUSK, had a duty to operate the semi-tractor trailer motor vehicle in a reasonable safe manner, with due regard to his

surroundings, maintain control and attention to his surroundings, and drive in accordance with all applicable Florida State and Federal laws.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, KALEB J. LUSK

The Plaintiff, JAMES JACKSON, reallages and incorporates the allegations contained in Paragrahs 1 through 11 above as if set forth fully herein and further alleges:

12. The Defendant, KALEB J. LUSK, negligently failed to properly operate or maintain the semi-tractor trailer motor vehicle causing the Defendant's semi-tractor trailer motor vehicle to make an illegal and improper left turn causing it to collide with the motor vehicle driven by the Plaintiff, JAMES JACKSON, on August 21, 2017.

13. As a result of the negligence of the Defendant, KALEB J. LUSK, the Plaintiff, JAMES JACKSON, suffered bodily injury and resulting pain and suffering, disability, permanent scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

14. The Plaintiff's, JAMES JACKSON, injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

**WHEREFORE**, the Plaintiff, JAMES JACKSON, demands judgment against the Defendant, KALEB J. LUSK, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and requests a trial by jury of all issues triable as of right by a jury.

## COUNT II – VICARIOUS LIABILITY OF DEFENDANT, WERNER ENTERPRISES, INC.

The Plaintiff, JAMES JACKSON, reallages and incorporates the allegations contained in Paragrahs 1 through 11, and Nos. 12 and 13, above as if set forth fully herein and further alleges:

15. That on August 21, 2017, the Defendant, KALEB J. LUSK, operated a semi-tractor trailer motor vehicle with the knowledge and consent of the owner, the Defendant, WERNER ENTERPRISES, INC., a Nebraska corporation.

16. That as the owner of said semi-tractor trailer motor vehicle, the Defendant, WERNER ENTERPRISES, INC., a Nebraska corporation, is vicariously liable for the negligence of its permissive driver, the Defendant, KALEB J. LUSK, under Florida's Dangerous Instrumentality Doctrine.

17. As a result of the aforesaid vicarious liability of the Defendant, WERNER ENTERPRISES, INC., the Plaintiff, JAMES JACKSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

18. The Plaintiff's, JAMES JACKSON, injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement.

However, should it be determined that any such bodily injuries are not permanent, then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

**WHEREFORE**, the Plaintiff, JAMES JACKSON, demands judgment against the Defendant, WERNER ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and requests a trial by jury of all issues triable as of right by a jury.

### COUNT III - RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT, WERNER ENTERPRISES, INC.

The Plaintiff, JAMES JACKSON, reallages and incorporates the allegations contained in Paragrahs 1 through 11, and Nos. 12, 13, 15 and 16 above as if set forth fully herein and further alleges:

19. That on August 21, 2017, the Defendant, KALEB J. LUSK, operated a semi-tractor trailer motor vehicle with the knowledge and consent of his employer/lessee, the Defendant, WERNER ENTERPRISES, INC.

20. That the Defendant, KALEB J. LUSK, was in the course and scope of his employment for the Defendant, WERNER ENTERPRISES, INC., at the time and place of the subject collision.

21. That as the employer/lessee of the semi-tractor trailer motor vehicle, the Defendant, WERNER ENTERPRISES, INC., is responsible for any acts of negligence of its employee driver, the Defendant, KALEB J. LUSK, pursuant to the Doctrine of Respondeat Superior.

22. That the Defendant, KALEB J. LUSK, while he was in the course and scope of his employment for the Defendant, WERNER ENTERPRISES, INC., had a duty to maintain and operate the semi-tractor trailer motor vehicle in a safe and prudent manner.

23. That the Defendant, KALEB J. LUSK, breached that duty when he negligently maintained said semi-tractor trailer motor vehicle and/or negligently made an illegal and improper left turn causing it to collide with the Plaintiff's, JAMES JACKSON, motor vehicle.

24. As a direct and proximate result of the Defendant's, WERNER ENTERPRISES, INC., negligence, the Plaintiff, JAMES JACKSON, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

25. The Plaintiff's, JAMES JACKSON, injuries consist in whole or in part of a significant and permanent loss of important bodily functions, and a permanent injury within a reasonable degree of medical probability, and significant and permanent scarring or disfigurement. However, should it be determined that any such bodily injuries are not permanent, then the Plaintiff claims entitlement to all damages resulting from nonpermanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault benefits).

**WHEREFORE**, the Plaintiff, JAMES JACKSON, demands judgment against the Defendant, WERNER ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), and requests a trial by jury of all issues triable as of right by a jury.

**DATED,** this 18th day of February, 2020.

                                */s/ Jason G. Gordillo*
                                Jason G. Gordillo, Esquire
                                Morgan & Morgan Tampa, P.A.
                                One Tampa City Center
                                201 N. Franklin Street, 7th Floor
                                Tampa, FL 33602
                                Tele: 813.424.5608
                                Fax: 813.424.5657
                                JGordillo@forthepeople.com
                                Florida Bar #: 0399663
                                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of February, 2020, I electronically filed a copy of the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties or counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                */s/ Jason G. Gordillo*
                                Jason G. Gordillo, Esquire